[No. 23077. Department One. January 2, 1932.]

CHARLES J. HANSEN, *Appellant*, v. R. HESS, *Respondent*.[1]

*R. H. Back*, for appellant.

*Miller, Wilkinson & Miller* and *John Wilkinson*, for respondents.

PARKER, J.—The plaintiff, Hansen, commenced this action in the superior court for Clark county, seeking injunctive relief against the defendant, Hess, restraining him from trespassing upon Hansen's farm in that county, and also seeking recovery of damages from Hess for such alleged trespass already committed thereon.

At the time of the commencement of the action, Hansen obtained from the court, without notice, a temporary restraining order which, being served upon Hess, excluded him from going upon the farm. The temporary restraining order was made returnable a few days after its issuance, and, so far as this record shows, was not continued beyond the return day as a temporary injunction pending the action. However, Hansen continued to exclude Hess from going upon the farm.

Hess, claiming the right to go upon the farm as a tenant to tend his growing crops and to pasture his cows thereon, responded to Hansen's complaint by answer, denying his committing of damages as alleged therein, and also by cross-complaint alleging damages he suffered by Hansen's excluding him from going upon the farm to tend his growing crops and to pasture his cows thereon. Thus, the issues became solely as to the respective claims of damages made by each against the other.

The cause proceeded to trial in the superior court, sitting without a jury, and resulted in findings and judgment denying to Hansen any recovery, and awarding to Hess recovery of damages from Hansen in the sum of $130, from which Hansen has appealed to this court.

As we view this controversy, we see in it no question of serious moment other than questions of fact. The trial judge, from the evidence, was well warranted in viewing the facts, as he did view them, in substance, as follows: Hess was in possession of the farm, to the extent of pasturing his cows thereon and having planted crops thereon which he was tending. He did not live on the farm, but lived near it. He claimed such possession under an unexpired

[1]Reported in 6 P. (2d) 593.

one-year tenancy of W. R. Tuttle, who had rented the farm from Hansen.

Tuttle, desiring to leave the farm and move to Oregon, in the spring sold his interest in the tenancy to Hess, receiving therefor from Hess $35; Hess also agreeing to assume the payment of the $125 rental for that year, falling due some four months later. Hansen consented to this transfer of the tenancy to Hess. On the faith of this consent by Hansen, Hess paid to Tuttle the $35 as agreed, placed his cows in the pasture of the farm, and proceeded to plant and tend his crops upon the farm, which crops became promising of a good yield.

The excluding of Hess by Hansen from so continuing to use the farm for the remainder of the year's tenancy, which was, in fact, an excluding of Hess from the benefit of the crop season of that year, resulted in Hess's being damaged in the sum of $130, the then value of the tenancy, over and above the $125 rental value of the farm which he had agreed to pay to Hansen when due. Hansen was not damaged by any acts of Hess during his occupancy of the farm.

These facts being supported by the evidence, we conclude that the judgment must be affirmed. It is so ordered.

TOLMAN, C. J., BEELER, HERMAN, and MITCHELL, JJ., concur.